## WHITE *v.* NATIONAL BANK.

Suit by A. against B. as indorser of a protested draft, the indorsement being, "Pay to A. or order for account of B." The declaration contained a special count on the draft and indorsement, and one for money paid for the use of B. at his request. *Held,* 1. That by the terms of the indorsement A. became merely the agent of B. for the collection of the money. 2. That under the special count parol evidence was not admissible to vary those terms. 3. That under the common count it was competent for A. to show that at the time of the indorsement and delivery of the draft to him he gave B. his check therefor less the discount, and that the latter received and used the money. 4. That under that count A. was entitled to recover from B. either for money paid without consideration, money loaned, or money advanced to him on the faith of the delivery of the draft.

ERROR to the Circuit Court of the United States for the District of Colorado.

The facts are stated in the opinion of the court.

*Mr. S. V. White* for the plaintiff in error.

*Mr. Henry M. Teller, contra.*

MR. JUSTICE MILLER delivered the opinion of the court.

This is an action by White, who was plaintiff below, for the sum of $60,000, against the Miner's National Bank of

Georgetown, Colorado. The declaration contains twelve special counts, upon as many drafts, drawn by the Stewart Silver Reducing Company on Thomas W. Phelps, payable in the city of New York to the order of the defendant, and indorsed by J. L. Brownell, its president, to S. V. White, and duly protested for non-payment.

To these counts is added another, in this language: "And for that also, heretofore, to wit, on the first day of April, A.D. 1876, at the said county of Clear Creek, the said defendant was indebted to plaintiff in $60,000, for so much money by the plaintiff, before that time, paid to the use of said defendant at its request, which said sum of money was to be paid to the plaintiff on request," with an allegation of request and refusal,

To this declaration the defendant pleaded the general issue and several special pleas, which it is unnecessary to notice.

The case was tried by a jury. The plaintiff recovered $15,000 debt and $2,625 damages for interest, on account of three of the drafts. His claim on the other drafts, and for money paid at defendant's request, was rejected. He, therefore, brings this writ, and assigns for error the rulings of the court in the progress of the trial, which are set forth in a bill of exceptions.

J. L. Brownell, a partner in the firm of J. L. Brownell & Brother, doing business as bankers and brokers in the city of New York, was also president of the defendant, and interested in the Stewart Silver Reducing Company during the time of the transactions involved in this suit. As such president, he sold or transferred the several drafts on which this suit is founded to White, and received of the latter for the use of the bank the amount of said drafts less the discount. They were not paid at maturity, but due demand, protest, and notice were made. Those on which plaintiff recovered need not be further noticed. The others were rejected by the court as evidence against the defendant, on account of the form of the indorsement.

As they were, in this respect, alike, the form of one will be given here as a specimen of the whole : —

" $5,000.]' OFFICE OF THE STEWART SILVER REDUCING COMPANY,
[L. S.]                    " GEORGETOWN, COL., Oct. 25, 1875.

" Four months after date pay to the order of the Miners' Na-
tional Bank, Georgetown, Colorado, payable at the Third National
Bank, New York City, five thousand dollars.

                         " STEWART SILVER REDUCING COMPANY,
                              " By J. OSCAR STEWART, *President.*
" To Thos. W. PHELPS, Esq.,
              " Georgetown, Colorado.

Across the face, in red : " Accepted. — THOS. W. PHELPS.
Indorsed :
" No. . Pay S. V. White or order for account Miners' Na-
tional Bank, Georgetown, Colorado.   J. L. Brownell, p't.
                                        " S. V. WHITE."

Because of the words " for account of Miners' National
Bank of Georgetown, Colorado," in this indorsement by
Brownell, as president of the bank, the Circuit Court ruled
that there arose out of the transaction no obligation on the .
part of the bank to pay the draft or return the money, al-
though due demand of the acceptor and refusal to pay was
proved, with notice to the bank.   This is the principal ques-
tion which we are to decide.

The plaintiff relies largely on two propositions to establish
his right to recover against defendant on this indorsement.

The first of these is that these words are merely directory
and capable of explanation, and when it is shown by parol
testimony, as in this case, that the plaintiff bought and paid
full value for the draft, with the understanding that he was
buying it as commercial paper, with the usual incidents of
such a transaction, the indorser is liable in the usual manner,
notwithstanding the words we have quoted.

The other proposition is that such is the custom of bankers
who deal in such paper in New York, where these drafts are
payable; and that the custom must control the construction of
the contract.

We are not satisfied that either of these propositions is
sound.

The language of the indorsement is without ambiguity, and
needs no explanation, either by parol proof or by resort to

usage. The plain meaning of it is, that the acceptor of the draft is to pay it to the indorsee for the use of the indorser. The indorsee is to receive it on account of the indorser. It does not purport to transfer the title of the paper or the ownership of the money when received. Both these remain, by the reasonable and almost necessary meaning of the language, in the indorser. It seems to us that the court below correctly construed the effect of the indorsement to be to make White the agent of the bank for the collection of the money.

If this be a sound view of the legal effect of the written indorsement, neither parol proof nor custom can be received to contradict it.

But we are aware of the necessity of proceeding with great caution in a case of first impression in regard to questions affecting commercial transactions, and we do not, therefore, decide this one, because we do not think it absolutely necessary to the case. For assuming this to be correct, we think the plaintiff was still entitled to recover more than he did.

The court below seems to have paid but little attention to the issue on the count for money paid to the use of defendant.

It appears distinctly by the evidence, and is uncontradicted, that the money paid by plaintiff on account of these drafts was placed to the credit of the defendant with its corresponding bankers in New York, and paid out on checks of the defendant, so that there is no question that the latter received the money. There is also no question but that plaintiff thought he was buying these drafts and that they became his property by their delivery to him. It is also evident that Brownell, the president of the bank, thought he was selling him the drafts, and there is evidence that neither White nor Brownell, noticed the restrictive words of the indorsement. But if the court below was correct in holding that the indorsement — the evidence in writing of what the parties did — only made White the agent of the bank, and left the bank the owner of the drafts, then both White and Brownell were mistaken, and the money was paid and received under a mutual mistake. If White paid his money as purchase-money of the drafts, he paid it without any consideration, for he did not purchase the

drafts. He only burdened himself with the duty of collecting the money for the bank, and the bank received and used his money without giving him any consideration for it. So, also, if White did not become the owner of the drafts, and if, when he should collect the money on them, he would hold it, in the language of the indorsement, "for the account of the bank," the jury might have been left at liberty to presume that the money which he paid was a loan or advance on the security of the paper delivered to him at the time. Either of these views of the transaction would justify a recovery under the money count, in which the delivery of the money and the delivery of the drafts, with the qualified indorsement, would be evidence of the payment and receipt of the money and the circumstances which attended it.

This indorsement is treated by counsel here as an assignment of the paper without recourse, in which the title to the paper passed, but the right to recourse to the assignor was cut off. But this is evidently an error. If the court below was correct, neither the title to the paper nor the right to the money under it passed. The only effect was to justify the acceptor in paying to the indorsee for the account of the bank. The legal effect of the transaction, as evidenced by the writing, was merely to enable White to collect the money for the bank. Though a restricted indorsement, it was no assignment at all. It is not, therefore, a contradiction or a varying of the meaning of the written instrument to prove that, in the delivery of this paper to White, he and the bank were under a mistake as to the effect of it, or that he paid this money to the bank without any consideration, or that he advanced money to the bank in the idea that he was to be reimbursed out of the draft when collected.

The instructions given by the court, and the refusal of the prayer of plaintiff, fairly raised this question. All the drafts, except the three which had no such indorsement, were excluded from the jury. The jury were told that nothing else was before them.

The thirteenth instruction asked by plaintiff and refused by the court distinctly affirmed that if Brownell obtained from plaintiff sums of money on account of the drafts, which the

court had refused as evidence, which money was placed to the credit of defendant in a New York bank, and afterwards drawn by defendant, the defendant was liable for such money.

The judgment will be reversed, and the case remanded with directions to set aside the verdict and grant a new trial; and it is

*So ordered.*

NOTE. — *Third National Bank* v. *National Bank*, error to the Circuit Court of the United States for the District of Colorado, was argued by *Mr. William H. Scott* for the plaintiff in error, and by *Mr. Henry M. Teller* for the defendant in error.

MR. JUSTICE MILLER delivered the opinion of the court.

The action in the present case is brought against the same defendant on indorsements of drafts precisely similar to the indorsements in *White* v. *National Bank*, though by a different plaintiff. There is in that case the same money count joined with special counts on the drafts, and the same evidence that the money came to the use of the defendant.

In this case, however, the parties waived a jury, and the court found no facts, but rendered a general finding for the defendant. We have had some difficulty, therefore, in disturbing the judgment, as there is no charge to the jury, and no instructions asked and refused.

A bill of exceptions, however, embodies the evidence, and shows that the court refused to receive the drafts in evidence, although the accompanying evidence of the receipt of the money by defendant, and its payment by plaintiff, was the same as in the other case. To this ruling there was an exception.

We are of opinion that the drafts, the peculiar indorsement, and the payment of the money by the plaintiff, and its receipt and use by the defendant, were each and all parts of a transaction admissible as evidence of money paid by plaintiff to the use of defendant, to be repaid on request, and that the court erred in rejecting any part of it.

The judgment will therefore be reversed for that error, and the case remanded with directions to grant a new trial.

*So ordered.*