## WILSON *et al. vs.* TOLSON.

1. Where a promissory note was endorsed by the payee to another "for collection" for the account of the payee, the endorsee had such a legal title as would authorize him to bring suit upon the paper in his own name.
2. While such a qualified endorsee could bring suit upon the note, he was not a *bona fide* holder for value, so as to be protected under §2785 of the code; but the suit by him was open to all the defences which could have been made to it if the note were in the hands of the original payee, including a plea of failure of consideration.

March 14, 1887.

Promissory Notes. Endorsement. Consideration. Before Judge VAN EPPS. City Court of Atlanta. September Term, 1886.

Reported in the decision.

FRANK A. ARNOLD, for plaintiffs in error.

CANDLER, THOMSON & CANDLER, for defendant.

BLANDFORD, Justice.

This was an action upon a promissory note, brought by Tolson, endorsee. The note was payable to a man named R. O. Randall. Randall endorsed the note " for collection" for his account, to Tolson. Tolson brought an action in his own name on this note. A motion was made to dismiss, because it appeared on the face of the note that Tolson had no interest in it, and no legal title, and consequently could not maintain an action on it. The court refused to dismiss the action, and this is the first exception upon which error is assigned.

1. We think that in this the court was right; that this

qualified endorsement to Tolson put such an interest, such a legal title in him, as would authorize him to bring suit. There can be no doubt about that.

2. The defendants filed a plea of failure of consideration, in which they alleged that the note was given for certain land, the note showing on its face that it was given for a certain number of acres of land near Atlanta, and that Randall, the payee of the note, was the owner of this land. They alleged further that Wm. H. Holcombe was agent to sell the same, and went with them to show them the land; that he showed them one corner of the land, and then showed them another corner, which he informed them was a corner of this land, and showed them other land as a part of the same tract. The land shown on the lower side of the tract was elevated, and was covered with oak timber, and was a good site for a residence or two residences. Afterwards, Holcombe sold this land to Wilson and Hudson, who paid part of the purchase money of the land, believing that this elevated land, which had the oak and timber on it, was part of the tract which they were buying, it having been shown to them as such by Holcombe, the agent of Randall. When the plaintiffs in error went to build upon the land, they ascertained that this portion of the land was not a part of the tract which belonged to Randall; that it belonged to other parties. They pleaded this as failure of consideration, and introduced evidence strongly tending to sustain that plea. After the evidence of the plaintiff and defendants had been introduced, the court thereupon withdrew the defendants' (the plaintiffs in error here) defence from the jury, because they had failed to show that Tolson was not a *bona fide* holder of the note without notice, and instructed the jury to find for the plaintiff without more. We think that the plaintiffs in error had a right to file any defence to this note in the hands of Tolson, a qualified endorsee, that they might have filed if the suit had been brought by the payee, Randall; and we think the

court was, therefore, wrong in holding that Tolson was a *bona fide* holder of the note for value, under section 2785 of the code.   It appeared from the endorsement on the note that he was not such a *bona fide* holder.   He received the note for a particular purpose, for the use of Randall; the suit was prosecuted for the use of Randall.   Tolson could maintain that suit, but the note was open to all the defences which could have been made to it in the hands of Randall, the payee of the note.   See *Gauldin vs. Shehee*, 20 *Ga.* 531.

We therefore reverse the judgment of the court below, upon that ground, viz. that the court erred in instructing the jury to find for the plaintiff.

Judgment reversed.