### SIOUX NAT. BANK v. CUDAHY PACKING CO.

(Circuit Court, N. D. Iowa, W. D. October 11, 1894.)

1. NEGOTIABLE INSTRUMENTS—DRAFTS.

   Where a trust company, by agreement with a packing company, pays the tickets issued by the packing company in payment of purchases at a branch establishment, and the packing company daily issues to the trust company vouchers for such payments, which provide that, when approved and signed, they shall become drafts on the packing company, payable through certain banks, such vouchers, approved and signed, are not negotiable, though assignable under Code Iowa, § 2084.

2. MONEY PAID AND ADVANCED.

   A trust company, located at a place where a packing company had a branch, agreed with the packing company to pay its tickets issued for purchases by the branch. Under the agreement there was issued daily to the trust company a voucher for such payments, which provided that, when approved and signed, it should be a draft on the packing company, payable through certain banks. The packing company had a deposit with the trust company, but by their agreement this was not to be a payment of the tickets, being subject only to the draft of the home office of the packing company. The trust company, being insolvent, and not having money to pay the tickets, arranged with plaintiff to pay them, and assigned the packing company's voucher to plaintiff to induce it to make the payment. *Held* that, though the voucher was not negotiable, plaintiff could recover for money paid and advanced for the benefit of the packing company.

Action by the Sioux National Bank against the Cudahy Packing Company on a voucher.

This action was tried to the court, a jury being waived, and the facts developed in the evidence were as follows:

The Cudahy Packing Company had established a branch establishment at Sioux City, Iowa. For the purpose of providing for the payment of stock purchased and packed at Sioux City, the packing company made an arrangement with the Union Loan & Trust Company of Sioux City to pay the tickets issued by the packing company to the persons from whom stock was bought, and, to cover the advances thus made, each day a voucher or draft in the form hereinafter set forth was executed and delivered to the Union Loan & Trust Company, by whom it was forwarded to Chicago for collection. As it would require two or three days to obtain returns from these so-called drafts, it was further agreed that the packing company should keep on deposit with the trust company a sum about equal to the daily advances made to cover the stock tickets; but it was further agreed that this deposit could not be drawn upon by the officers of the packing company residing at Sioux City, but only by the officers at the Chicago office. These arrangements were carried out until about April 24, 1893, when the Union Loan & Trust Company, being in failing circumstances, was unable to take up the tickets issued by the packing company, and thereupon it applied to the Sioux National Bank to advance the amounts needed to cover the outstanding tickets, which the bank agreed to do, and thereupon the voucher or draft held by the trust company was indorsed and transferred to the bank, the same being in the form following:

Exhibit A.

Live-Stock Voucher.

Sioux City, Iowa, Apl. 22, 1893.

The Cudahy Packing Co.,

Debtor to the Union Loan & Trust Co.

Sioux City, No. 413.                                    Treasurer's No. ————.

| For purchase of live stock this day as follows: | | |
|---|---|---|
| 836–190–370–800–226–314–7.12 518 | 13,509.52 | |
| Protested for nonpayment | | 13,509.52 |
| April 25th —93.      James J. Barboux,<br>Notary Public. | | |

When approved, dated, and signed, this voucher becomes a draft on the Cudahy Packing Co., of South Omaha, Neb., payable through the Union Stock Yards National Bank, of South Omaha, or the Bankers' National Bank, of Chicago.      For 13,509.52

| Noted ———— | I have compared the record | I have compared the record |
|---|---|---|
| "      ———— | of above purchases, and hereby | of above purchases with buy- |
| (So. Omaha.) | certify to the correctness of | er's report, & checked exten- |
| | above number, average price, | sions, and hereby certify to the |
| | and weight. | correctness of above. |
| | W. J. Wallace, | Chas. E. Morris, |
| | Buyer. | Cashier. |

| Approved for payment. | Paid ——— | Sioux City, Iowa, Apl. 24, 1893. |
|---|---|---|
| Maurice J. Barrow, | Entered cash | Received of the Cudahy Packing |
| Superintendent. | | Co. thirteen thousand five hun- |
| | Asst. Treasurer. | dred nine & 52—100 dollars for de- |
| | | posit to your credit in live-stock |
| | | acct. |
| Registered Apl. 24th, 1893. | Registered | E. R. Smith, |
| Chas. E. Morris | 18— | Sec'y. |
| (Sioux City.) | (South Omaha.) | |

The Sioux National Bank paid all checks drawn on it by the Union Loan & Trust Company for an aggregate amount in excess of the sum of $13,509.52, there being included therein checks to the amount of $11,513.62 to cover tickets

issued by the packing company. When the trust company closed its doors, it had on deposit, of money belonging to the packing company, a sum of about \$14,000; but, under the arrangement with that company, this deposit was not to be drawn on to meet the daily advances for stock purchased at Sioux City. The packing company refused to pay the voucher or draft assigned to the Sioux National Bank, and thereupon the bank brought suit to enforce payment; claiming that the instrument was in effect a negotiable draft, and that the bank was entitled to collect the whole amount thereof. The packing company, in its answer, denied that the instrument was negotiable, either under the law merchant or under the statute of Iowa, and set up a counterclaim for the sum due it from the Union Loan & Trust Company.

Joy, Call & Joy, for plaintiff.

Lewis, Holmes & Beardsley, for defendant.

SHIRAS, District Judge. I hold, under the facts of this case, that the draft described and set forth in the petition is not a negotiable instrument under either the rules of the commercial law or the provisions of the statute of Iowa. The fifteenth finding of facts shows that the voucher or draft sued upon was the only one that had been transferred to any third party; and it is clear that it was not the purpose of the defendant company, in issuing these vouchers, that they should be sold or transferred to banks or other parties as a means of raising money on its behalf. I further hold that the voucher or draft is one assignable under the provisions of section 2084 of the Code of Iowa.

The findings of fact show the situation to be as follows: By contract between the Union Loan & Trust Company and the Cudahy Packing Company, the former company agreed to pay the tickets issued by the latter company at Sioux City, Iowa, in payment of stock purchased at that place. Vouchers were issued to cover daily transactions, and were the means by which the Union Loan & Trust Company procured from the Cudahy Packing Company the money used in the daily transactions. The deposit account known as the "Current Account" was not to be used in payment of tickets. Under this arrangement it was the duty of the Union Loan & Trust Company to pay the tickets issued by the defendant company, and upon payment it was entitled to the proper draft or voucher therefor. On the 24th of April, 1893, the Union Loan & Trust Company was insolvent, and had not the money to pay the tickets issued by the Cudahy Packing Company. If it had taken no steps to provide for the payment of these tickets, the result would have been that the Cudahy Company would have had to pay the same, and it would then have been a creditor of the Union Loan & Trust Company for the amount of the current or deposit account. The Union Loan & Trust Company, however, arranged with the plaintiff bank to pay the tickets issued by the defendant company, and for the money to be thus advanced it assigned the voucher or draft sued on, as security. The money advanced by the bank to pay the tickets issued by the Cudahy Company was paid for its benefit; was in fact received by it, in that, if these tickets had not thus been provided for, the defendant company would have been compelled to pay them. Taking into consideration the fact that the Union Loan & Trust

Company was the agency employed by the defendant company to make payment of the tickets issued by it at Sioux City; that the loan and trust company, through its insolvency, became unable to pay the tickets issued by the defendant company; that in order to provide for the payment thereof the trust company arranged with the plaintiff bank to pay these tickets; that the bank in fact paid the tickets, and thereby relieved the defendant company from the payment thereof; that the draft or voucher issued by the defendant was assigned to the bank in order to induce it to advance the money needed to pay the tickets,—it seems to me this condition of affairs will sustain an action for money paid and advanced for the benefit of defendant, under the ruling of the supreme court in White v. Bank, 102 U. S. 658. To enable plaintiff to recover, upon this view of the case, the petition should be amended so as to include a count of the nature indicated, and leave is granted to plaintiff to amend in that particular. Assuming that such amendment will be made, I then hold that plaintiff is entitled to recover the sums of money by it actually advanced and used in the payment of tickets issued by the defendant company, which, as I understand the finding of fact, amount in the aggregate to the sum of $11,513.62, for which sum, with interest at 6 per cent. from April 24, 1893, plaintiff will be entitled to judgment.