Argued 18 January, decided 13 February, 1905.

### SMITH v. BAYER.

79 Pac. 497.

46   143
46   408

EFFECT OF INDORSING NOTE FOR COLLECTION—REAL PARTY IN INTEREST.*
1. By indorsing a negotiable note "for collection," or the like, the indorser makes the indorsee his agent with power to proceed in his own name, reserving to himself the beneficial interest and the right to maintain in his own name appropriate proceedings for his own protection, if advisable.

INDORSEE AS REAL PARTY IN INTEREST.
2. An indorsee of a negotiable note for collection is the real party in interest in the sense that he may maintain an action on the paper in his own name: B. & C. Comp, § 27.

RIGHT OF RESTRICTIVE INDORSEE.
3. Under B. & C. Comp. § 4439, providing that a restrictive indorsement confers on the indorsee the right to receive payment and to bring any action thereon that the indorser could bring, an indorsee of a negotiable note "for collection and return" is entitled to sue thereon in his own name.

DEFENSES TO ACTION BY RESTRICTIVE INDORSEE.
4. A restrictive indorsee of a negotiable note takes it subject to all equities that might have been asserted by the maker had it not been indorsed.

PAROL EVIDENCE TO VARY INDORSEMENT.
5. In an action by an indorsee of a note for collection, parol evidence that plaintiff was the actual owner of two sevenths of the note was inadmissible as tending to contradict the indorsement, which must control.

IDEM.
6. In an action in his own name by an indorsee of a note for collection, a payment to the indorser after the assignment of the note, is a good defense, even against a claim of partial beneficial ownership by the indorsee.

PRESUMPTION OF HARMFULNESS OF FALSE ISSUE.
7. It cannot be presumed that an instruction was harmless where it submitted to the jury an issue not made by the pleadings or presented by competent evidence.

From Multnomah: MELVIN C. GEORGE, Judge.

Statement by MR. JUSTICE BEAN.

This is an action by Milton W. Smith against J. C. Bayer and Peter Hobkirk on a promissory note for $290, executed and delivered by the defendants to the Concordia Loan & Trust

*NOTE.—In 64 L. R. A. 581-624 is a monographic note, Who is the Real Party in Interest Within the Meaning of Statutes Defining the Parties by Whom an Action Must be Brought. See also 66 L. R. A. 967. REPORTER.

Co. of Kansas City, Mo., on January 30, 1896, due on or before August 1 following. The complaint alleges the execution of the note, its indorsement to the plaintiff before maturity, the making of certain payments thereon by defendants, and prays judgment against them for the balance. The answer admits the genuineness of the note, denies that it was indorsed to the plaintiff before maturity or at all, and affirmatively alleges that it remained the property of the payee named therein until after maturity, when it was transferred to the Fidelity Trust Co., and that thereafter the defendants paid the note to the trust company and satisfied it in full. The reply denies the allegations of the answer, and affirmatively pleads that at all the times mentioned the plaintiff was and now is the owner in his own right of two sevenths of the note, and since the 21st day of July, 1896, has been and now is the owner of the remaining five sevenths for collection. Upon the trial plaintiff produced the note, with an indorsement thereon as follows:

"Pay to the order of Milton W. Smith for collection and return to Concordia Loan & Trust Co.

> A. D. RIDER, Treasurer.
> O. K.   F. AMELUNG."

He testified that he received the note in due course of mail from the loan and trust company, inclosed in a letter which the witness produced, and which stated in substance, that the note was remitted for collection; that he knew the signature to the letter, had seen the handwriting, and knew that it was the signature of the Concordia Loan & Trust Co., and the person signing it had authority to represent the company; that such person was and had been employed by the company for a good many years, doing business for it and exercising such authority; that witness knew that he had a right to make contracts in the name of and for the company; that he (witness) knew the indorsement on the note to be that of the payee; that Rider, who made it, was the treasurer of the company, and had done business for it as such for a good many years; that witness knew him personally, had seen him write, and knew that his signature to the indorsement was genuine; that

the other name to the indorsement was simply an "O. K.," or ratification by some one; that Rider is the treasurer of the company, and has always done its business. The note was then admitted in evidence over defendants' objection on the ground that the indorsement did not transfer such title to the plaintiff as would support an action thereon in his own name, and because the genuineness of the indorsement had not been sufficiently proved. The witness was also permitted to testify, over defendants' objection and exception, that he was in fact the owner in his own right of two sevenths of the note, and the court instructed the jury that any settlement made by the defendants with the payee or owner of the note after the indorsement thereof to the plaintiff would not be a defense against the plaintiff's two-sevenths interest therein, although it would be such defense against the other five sevenths. The verdict and judgment were in favor of the plaintiff, and the defendants appeal.

REVERSED.

For appellant there was a brief and an oral argument by *Mr. Ralph R. Duniway.*

For respondent there was a brief and an oral argument by *Mr. Milton W. Smith,* in pro. per.

MR. JUSTICE BEAN delivered the opinion of the court.

The record bristles with assignments of error. Indeed, it would seem that almost every step in the progress of the trial was objected to by the defendants, and exceptions saved to the rulings of the court. The questions thus raised are embodied in the record and discussed more or less in the brief. They are, however, mostly technical and without merit. There was, in our opinion, sufficient proof of the genuineness of the indorsement on the promissory note offered in evidence to make a prima facie case in favor of the plaintiff. The plaintiff, testifying in his own behalf, said that he was familiar with the signature of the loan and trust company, knew that the man who signed the indorsement was an officer of the company and had been doing business for it for many years, and that his signature to the

[19—46 Or.]

indorsement was genuine. The weight to be given to this testi-
mony was, of course, for the jury.

The only points of real importance on this appeal are:
(1) Whether the indorsement, being on its face "for collection
and return" to the payee, vested plaintiff with such a title as
will enable him to maintain an action thereon in his own name;
and, if so, (2) whether the court erred in admitting parol testi-
mony tending to show that plaintiff was in fact the owner of
two sevenths of the note, and in instructing the jury that, if such
was the case, any settlement with the payee or assignee subsequent
to the date of the indorsement to plaintiff would be no defense
as against plaintiff's two sevenths.

1. The indorsement of a promissory note by the payee with
the words "for collection," or the like, is not strictly a contract
of indorsement, but rather the creation of a power, the indorsee
being the mere agent of the indorser to receive and enforce pay-
ment for his use. The title to the note and the proceeds thereof
remain in the payee, and he may maintain suitable actions and
proceedings to enforce his right: *White* v. *National Bank,* 102
U. S. 658 (26 L. Ed. 250) ; *Commercial Bank of Penn.* v. *Arm-
strong,* 148 U. S. 50 (13 Sup. Ct. 533, 37 L. Ed. 363) ; *Sweeney*
v. *Easter,* 68 U. S. (1 Wall.) 166, (17 L. Ed. 681) ; *Williams* v.
*Jones,* 77 Ala. 294; *People's Bank* v. *Jefferson County Sav. Bank,*
106 Ala. 524 (17 South. 728, 54 Am. St. Rep. 59) ; *Central Rail-
road* v. *First Nat. Bank,* 73 Ga. 383.

2. There is, in the absence of a statute, some conflict in the
decisions as to whether such an indorsee can sue in his own name.
The weight of authority seems to be in favor of his right to do so:
4 Am. & Eng. Enc. Law (2 ed.), 274; *Freeman* v. *Exchange
Bank,* 87 Ga. 45 (13 S. E. 160) ; *Roberts* v. *Parrish,* 17 Or. 583
(22 Pac. 136) ; *Falconio* v. *Larsen,* 31 Or. 137 (48 Pac. 703) ;
Selover, Bank Col. § 28.

3. It is now so provided by statute in this State: B. & C. Comp.
§ 4439 ; Selover, Neg. Inst. Law, § 155 ; Crawford, Neg. Inst.
Law, § 67. We are therefore of the opinion that the present
action was rightfully brought in the name of the plaintiff.

4. It was open, however, as against him, to all defenses which could have been made if the notes had remained in the hands of the indorser, and the action had been brought by it: *Wilson* v. *Tolson,* 79 Ga. 137 (3 S. E. 900); *Leary* v. *Blanchard,* 48 Me. 269. The indorsement did not pass the title, nor did it deprive the defendants of any defense they may otherwise have against the note. It merely created the plaintiff the agent of the payee for collection with the right to sue in his own name. The plain meaning of such an indorsement, as said by Mr. Justice MILLER (*White* v. *National Bank,* 102 U. S. 658, 26 L. Ed. 250), is that the maker of the note "is to pay it to the indorsee for the use of the indorser. The indorsee is to receive it on account of the indorser. It does not purport to transfer the title of the paper or the ownership of the money when received. Both these remain, by the reasonable and almost necessary meaning of the language, in the indorser."

5. Such being the effect of the restrictive indorsement and the character of the title acquired by the plaintiff by reason thereof, it necessarily follows that the court was in error in admitting evidence to contradict the contract of indorsement by showing that the note was not transferred to the plaintiff for collection as shown on its face, but that he actually owned two sevenths thereof in his own right, and in instructing the jury that a settlement made with the payee after the indorsement to plaintiff would be no defense against plaintiff's two sevenths. The contract of indorsement is in writing. The terms thereof are plain and unambiguous, and parol evidence is not admissible to vary or contradict it: *White* v. *National Bank,* 102 U. S. 658 (26 L. Ed. 250); *Leary* v. *Blanchard,* 48 Me. 269; *Howe* v. *Taylor,* 9 Or. 288.

6. The plaintiff's action is based on the indorsement, and not on any interest he may have in the note. He is made by the indorsement the mere agent of the payee for its collection. The defendants' obligation, notwithstanding the indorsement, is to the payee or subsequent owner of the note, and not to the plaintiff. If they settled and paid the note to the payee or assignee, such settlement is a complete defense to an action thereon by plaintiff as a mere agent for collection.

7. It may be suggested that, because the jury found a verdict in favor of plaintiff for the entire amount sued for, they must have found that the settlement alleged as a defense was never made, and therefore the error of the court in charging the jury in relation thereto was harmless. The ruling of the court upon this point and its instructions to the jury injected into the case an issue not proper to be tried, the result of which was to confuse and mislead the jury, and we do not think it can be said that the error was harmless.

From these views it follows that the judgment of the court below must be reversed, and a new trial ordered. Many of the other questions argued in the briefs will probably not arise on a retrial, and need not, therefore, be noticed at this time.

REVERSED.