## In re GUBELMAN et al.

### Ex parte ROECHLING et al.

(Circuit Court of Appeals, Second Circuit. February 1, 1926.)

No. 152.

1. Bankruptcy ⟨key⟩140(3)—Receiver in bankruptcy of payee of check drawn for account of another held not entitled to proceeds collected after filing of petition in bankruptcy.

Where check, payable to partnership banking house, "a/c Gebt. Roechling," was received by payee before filing of involuntary petition in bankruptcy, credited to proper account, indorsed to another bank, and collected on succeeding day after filing petition in bankruptcy, held, quoted words were equivalent to indorsement for collection only, and notwithstanding credit was immediately given and no agreement or practice as to drawing against such credit shown, and notwithstanding interest on the item was credited from time of its receipt, receiver in bankruptcy was not entitled to proceeds.

**2. Bankruptcy ⚌140(3)—As respects rights on payee's bankruptcy, drawer of check, in favor of person other than payee, makes payee a fiduciary on his acceptance.**

As respects rights on payee's bankruptcy, drawer of check, payable to another "for account of" or "favor of" a third person or firm, desiring to make payee a fiduciary, accomplishes that result when payee accepts check, at least until beneficiary repudiates it, or unless his arrangements with payee forbid.

**3. Banks and banking ⚌126—Immediate credit of check presupposes purchase, though entry will not control form of paper showing delivery was for collection only.**

Bank's immediate credit of check is evidence of creation of debt from bank to depositor, and presupposes purchase of check, though such entry will not control form of paper, showing that delivery was for collection only.

Appeal from the District Court of the United States for the Southern District of New York.

In the matter of the bankruptcy of Oscar L. Gubelman and others, individually and as copartners doing business under the firm name and style of Knauth, Nachod & Kuhne. Reclamation claim of Karl Roechling and others, trading as Gebrueder Roechling, opposed by Middleton S. Borland, trustee, was dismissed, and claimants appeal. Reversed and remanded, with instructions.

Kellogg, Emery, Inness–Brown & Cuthell, of New York City (Henry G. Hotchkiss, of New York City, of counsel), for appellants.

Rosenberg & Ball, of New York City (Ralph F. Colin and George G. Ernst, both of New York City, of counsel), for appellee.

Before HOUGH, MANTON, and HAND, Circuit Judges.

HAND, Circuit Judge. [1, 2] This case presents exactly the same situation, with a single exception, to be noted, as existed in respect of the second check in Re Gubelman, ex parte Latzko & Popper, 10 F.(2d) 926, decided by this court on December 7, 1925. There the check read, "Pay to the order of Knauth, Nachod & Kuhne, favor of N. Latzko & Popper." Here one check read, "for account of Roechling Bank," and the other "a/c Gebt. Roechling." We held that "favor of" was equivalent to "collect for," and it seems to us even plainer that "for account of" is as broad. Indeed, this was the form of the check in White v. National Bank, 102 U. S. 658, 26 L. Ed. 250. If the drawer chooses to make the payee a fiduciary, he establishes that relation when the payee accepts it, at least until the beneficiary repudiates it, or unless his arrangements with the payee forbid. There can be no question that the drawer has limited the payee's free disposal of the check in the interest of another, and that is enough.

[3] However, as we have just said, there is one difference between the case at bar and Ex parte Latzko & Popper. There the proof was that, although the depositors' checks were always at once credited to their account, their practice had been never to draw upon them until collection. Here the checks were also credited at once, but it does not appear what the practice was as to drawing against them. As there was no agreement shown in either case to wait or not to wait until collection, we regard any distinction as immaterial. In addition, not only were the items themselves at once credited, but interest upon them as well from the time of their receipt. This, too, we think immaterial. The immediate credit of such paper is itself evidence of the creation of a debt from the bank to its depositor, and on its face presupposes a purchase of the check. But such an entry will not control the form of the paper. We do not see that it adds anything of substance that interest has also been credited. Such entries are not kept in suspense, or entered "short," but are reversed if the item be dishonored. The trustee must, indeed, go so far, and does, as to say that, if these checks had been stopped, the claimants could notwithstanding have insisted upon drawing down their amount, because they were not indorsers. Yet this could not have been done, if their face had been merely credited to the account. It appears to us that to make the added credit of interest so important is to deal in unrealities. When an account bears interest, it is as natural to begin to credit interest at once as to credit the item at all. Any distinction seems to us gratuitous.

The cases do not help very much. In Beal v. Somerville, 50 F. 647, 1 C. C. A. 598, 17 L. R. A. 291 (C. C. A. 1), no interest was credited, nor was there an agreement that the depositor might draw at once. In Fifth National Bank v. Armstrong (C. C.) 40 F. 46, interest was indeed credited, but the credit was entered "subject to payment." National Butchers' Bank v. Hubbell, 117 N. Y. 384, 22 N. E. 1031, 7 L. R. A. 852, 15 Am. St. Rep. 515, is closer, because, although the bank did not credit interest, it remitted weekly, regardless of collections, relying upon its ability to reverse the entries, if any item were dishonored. That seems a stronger case for

the assignee than this at bar is for the trustee.

In general, we are disposed to make the form of the paper the test. We do not, of course, mean that an express agreement will not change what would otherwise be a trust into a debt. But it seems to us unreasonable to build up agreements, almost certainly factitious, upon the basis of the bank's bookkeeping, even when this on its face contradicts the legal results ascribed to the transactions. There must be better evidence of an agreement to change the intent otherwise imputed.

Order reversed; cause remanded, with instruction to award the claimants a preferred claim on both checks.