## PHILADELPHIA NAT. BANK v. FULTON NAT. BANK.

District Court, N. D. Georgia, Atlanta Division. March 28, 1928.

No. 630.

**1. Evidence ⬅462—Indorsement of drafts, "Pay to any bank or banker," suggests that the indorsement is for collection only, but may be shown to be for negotiation.**

An indorsement of drafts, "Pay to any bank or banker," is so commonly used in forwarding paper for collection as to put one on inquiry as to whether the indorsee is the owner, or only an agent for collection; but such indorsement does not mean in law that it is an indorsement for collection, and may be shown to be for negotiation.

**2. Bills and notes ⬅296—Guaranty by indorser of drafts of genuineness of all prior indorsements is addressed to all who may be called on to deal with the paper.**

A guaranty by the indorser of a draft of the genuineness of all prior indorsements, while addressed to the drawee, is also intended to give confidence in that respect to all who may be called on to deal with the paper, and to be addressed to them all.

**3. Banks and banking ⬅147(1)—Bank, paying drafts, held entitled to recover on guaranty of indorser of genuineness of all prior indorsements which were forgeries.**

Defendant bank paid drafts drawn on an insurance company, indorsed them, "Pay to any bank or banker," with a guaranty of genuineness of all prior indorsements, and forwarded them to plaintiff bank, of which the insurance company was a depositor. Plaintiff paid the drafts and charged the amount to the depositor's account. The prior indorsements were forgeries, and on demand of the insurance company plaintiff took up the drafts and brought suit against defendant on its guaranty. *Held*, that plaintiff was entitled to recover, either on the ground that the guaranty was addressed to it, as well as the drawee, or as succeeding to the rights of the insurance company, to which it became obligated on the faith of such guaranty.

At Law. Action by the Philadelphia National Bank against the Fulton National Bank. On demurrer by defendant. Overruled.

Alston, Alston, Foster & Moise, of Atlanta, Ga., for plaintiff.

Brandon & Hynds, Little, Powell, Smith & Goldstein, and Hoke Smith, all of Atlanta, Ga., for defendant.

SIBLEY, District Judge. Philadelphia National Bank sues Fulton National Bank at law, and a general demurrer challenges the right to recover. The facts pleaded are that, at stated intervals during 1917, the Insurance Company of North America drew drafts upon itself in favor of named payees, the drafts on their face to be presented through Philadelphia National Bank. Each draft came to Fulton National Bank under indorsement in the name of the payees, but really forgeries. Fulton National Bank indorsed each as follows: "Pay to the order of any bank, banker, or trust company. All prior indorsements guaranteed"—presented them to the Philadelphia National Bank, and was paid the amount thereof on the faith of the guaranty of the indorsements. The Philadelphia National Bank then charged the drafts against the deposit account with it of the Insurance Company of North America. On discovery of the forgeries, the Philadelphia National Bank reimbursed the insurance company, apparently taking up the drafts, since copies are annexed to the suit, and made demand on Fulton National Bank for repayment.

· The suit asserts no particular theory for recovery. The contentions of the defendant are (1) that as a suit for money had and received, or paid by mistake, it is barred; (2) that the indorsement of the defendant is a mere restrictive indorsement for collection, not involving the obligations incident to an indorsement for negotiation; (3) that the guaranty of indorsements is addressed to the drawee, and not to the indorsee for collection.

1. The period of limitation under the Georgia law applicable to obligations not in writing is four years. The cause of action for money paid by mistake, such as was upheld in White v. Miners' National Bank, 102 U. S. 658, 26 L. Ed. 250, arises at the time of payment, and not at the time of the discovery of the mistake, and making demand for repayment. Leather Manufactors' Bank v. Merchants' National Bank, 128 · U. S. 26, 9 S. Ct. 3, 32 L. Ed. 342. More than four years having elapsed between the payment of the last draft and the filing of this suit, the entire suit is barred, unless sustained by some obligation in writing, for which a longer period, six years, is fixed.

[1] 2. Such an obligation would be that arising from the ordinary contract of indorsement for negotiation; the agreement being implied therein that the indorser will pay if the drawee does not. The form of indorsement, "Pay to any bank or banker," is commonly used by banks in forwarding paper for collection, so commonly used as fairly to put one on inquiry whether the indorsee is really the owner or only an agent for collection, and to charge all persons with the knowledge that would have been gotten by inquiry. First National Bank v. Weitzel (C. C. A.) 239 F. 497. If the truth be that the indorsee was not a purchaser, but only an agent for collection, of course the consequences follow that relate to an indorsement expressly "for collection," or "for account of" the indorser, such as are set forth in · Central Railroad v. First National Bank of Lynchburg, 73 Ga. 383; Freeman v. Exchange Bank, 87 Ga. 45, 13 S. E. 160; White v. Miners' Bank, 102 U. S. 658, 26 L. Ed. 250. For instance, the implied warranty of genuineness of the indorsements arising from the act of presenting for payment is that of the indorsing owner, and not that of the indorsee agent, as held in Insurance Co. of North America v. Fourth National Bank (D. C.) 14 F.(2d) 131. But, even under an indorsement expressly for collection, a title does vest in the indorsee for some purposes, as to sue and collect. Wilson v. Tolson, 79 Ga. 137, 3 S. E. 900. And see Old National Bank v. German-American Bank, 155 U. S. at page 556, 15 S. Ct. 221, 39 L. Ed. 259; National Commercial Bank v. Miller, 77 Ala. 168, 54 Am. Rep. 50.

The indorsement, "To the order of any bank or banker," is not expressly restrictive. There are no words to show that the bank or banker is not to take full title to the paper and its proceeds. To show that such was the transaction does not contradict the writing, thus distinguishing the dicta in White v. Miners' Bank, supra. One desiring to deal only with banks might offer paper so indorsed to any banker who would buy it. I see no reason why the buyer would not obtain as full title and protection as if the indorsement was to its order, or in blank. I do not assent to the proposition that an indorsement "to any bank or banker" means in law that the indorsement is for collection only, and cannot be shown to be otherwise. The most that can be said is that it so generally means an indorsement for collection that this is suggested on its face, and all persons dealing with the paper are on notice, if such is in fact the case. The allegation is here made that before presentation the Philadelphia

Bank, relying on the indorsement, paid the face of the drafts, afterwards charging them to the insurance company. This is compatible with, and ordinarily signifies, a purchase of them. There is nothing yet apparent to show that it was not so understood by both indorser and indorsee.

[2] 3. But, if it be established that the indorsement was one for collection, without the implied obligation to pay if the drawee did not, still the express guaranty of the prior indorsements is available. It is true here, as always, that the language of indorsement is addressed to the payee, but its effect usually involves the indorsee. Thus, an indorsement, "Pay to A, without recourse on me," though addressed to the payee, means also that the indorsees are deprived of recourse. The natural intention of the present guaranty of indorsements seems to be to give confidence in that respect to all who should be called on to deal with the paper under the indorsement, and to be addressed to them all. Since the presentment for payment in behalf of the indorser for collection itself involves a warranty in the indorser's behalf of the prior indorsements, as held in United States v. National Exchange Bank, 214 U. S. 302, 29 S. Ct. 665, 53 L. Ed. 1006, 16 Ann. Cas. 1184, the drawee had no need of this express guaranty. It will be noted in the case last cited, at page 309 (29 S. Ct. 666), that the indorsee for collection was itself required expressly to guarantee the indorsements. This it could not have afforded to do without some guaranty to it. I suspect the origin of this express guaranty of prior indorsements in indorsing to a banker for collection took its origin thus, to enable a presenting banker to make such a guaranty to a drawee who did not care to rely upon the liability of a distant forwarding bank. Under this guaranty the Philadelphia Bank both paid its money before presentation for these drafts and reimbursed the drawee on account of forged indorsements. The guaranty was certainly intended by the Fulton Bank to bind itself to some one. Why should it not be held bound to its indorsee, thus acting on the faith of the guaranty?

[3] 4. But, if the technical view be taken that the guarantee was to the drawee only, and the indorsement to the Philadelphia Bank merely one for collection, without any recourse, so that, when the forgeries were discovered, there was only a direct liability from the Fulton Bank to the insurance company on the written guaranty, justice can yet be done. Whether the Philadelphia Bank made a guaranty to the insurance company,

or mistakenly supposed it had by presenting the papers, or was liable for paying them as checks without presenting them, it has in fact assumed the burden and paid the insurance company, taking up the drafts which appear to be now in its possession. No assignment of the guaranty by the insurance company appears to have been made, but there can be no doubt that equitably the Philadelphia Bank is entitled to enforce the rights of the insurance company against the guarantor, the Fulton Bank. The Philadelphia Bank is not a mere volunteer, but one who has become involved originally on the invitation of the Fulton Bank, and latterly on the demand of the insurance company. In Georgia, when a plaintiff is thus entitled to enforce rights, the legal title to which is in another, he can proceed at law by using the name of such other suing for his use, and this may be done by amendment to save a suit brought in the usee's name. Code Georgia, § 5689. Such an amendment may be made in this case, though it seems unnecessary, in view of what has been said before.

The motion to dismiss is denied.