## UNITED STATES v. AMERICAN EXCHANGE NAT. BANK.

(District Court, S. D. New York. September 5, 1895.)

PENSION DRAFT—FORGED INDORSEMENT—COLLECTING AGENT NOT LIABLE AFTER PAYMENT OF PRINCIPAL WITHOUT NOTICE.

The defendant as collecting-agent of the Bellaire Bank of Ohio collected at the subtreasury, New York, a pension draft on which the payee's name was forged after her death. The defendant in making the collection indorsed the draft as collecting agent of the Bellaire Bank, as appeared by the terms of its indorsement, and on collection at once paid over the money to the principal, without notice of the forgery, before this action was commenced: *Held*, that the defendant was not liable; the case of Onondaga Co. Sav. Bank, 12 C. C. A. 407, 64 Fed. 703, distinguished.

This was an action by the United States against the American Exchange National Bank to recover the amount of a pension draft which defendant had collected, as collecting agent of another bank; it appearing that the name of the payee had been forged upon the draft after her death. The court directed a verdict for defendant, and plaintiff moved for a new trial.

Wallace Macfarlane, U. S. Dist. Atty., for the United States.
Cardoza & Nathan, for defendant.

BROWN, District Judge. The pension draft in this case was paid to the defendant bank by the subtreasury, upon the forged indorse-

ment of the payee's name after her death. The Bellaire Bank of Ohio had previously cashed the draft upon the forged indorsement, and thereupon indorsed it "for collection" to the defendant bank at New York. The latter was the collecting correspondent of the Bellaire Bank as regards its funds in New York. The collection was made in good faith by the defendant bank and the proceeds remitted to the Bellaire Bank some months before the discovery of the forgery. The indorsement of the forged draft by the Bellaire Bank showed upon its face that the defendant was to act as collecting agent only. The defendant never had any property in the draft or its proceeds. The later authorities sustain the proposition that in such a case where the collecting agent pays over the funds before any notice of irregularity or fraud, the remedy is against the principal alone. Bank v. Armstrong, 148 U. S. 50, 13 Sup. Ct. 533; White v. Bank, 102 U. S. 658; Sweeny v. Easter, 1 Wall. 166; Wells, Fargo & Co. v. U. S., 45 Fed. 337; National Park Bank v. Seaboard Bank, 114 N. Y. 28, 20 N. E. 632.

In such cases the indorsement by the collecting agent, who has no proprietary interest, does not import any guaranty of the genuineness of all prior indorsements, but only of the agent's relation to the principal, as stated upon the face of the draft; and as this relation is evident upon the draft itself, the payor cannot claim to have been misled by the indorsement of the agent, or any right to rely upon that indorsement as a guaranty of the genuineness of the payee's indorsement.

In the case of Onondaga Co. Sav. Bank, 12 C. C. A. 407, 64 Fed. 703, as I find upon examination of the record on appeal, no question like the present arose. The Onondaga Bank was in the same situation as the Bellaire Bank in the present case. It had cashed the forged draft and was collecting the money for its own benefit as owner of the draft. Its indorsement imported a guaranty of the prior signatures; and the defendant's remedy here is against the Bellaire Bank.

The direction of a verdict for the defendant upon the undisputed facts was, I think, correct, and the motion for a new trial should be denied.