UNITED STATES v. FIRST NAT. BANK OF BELLAIRE.

(Circuit Court, S. D. Ohio, E. D.  March 7, 1898.)

1. MOTION FOR NEW TRIAL—SURPRISE.
    Where, three months after the entry of judgment, a motion is made for a new trial on the ground of surprise at the testimony of a witness, and that the only person conversant with the facts sworn to by such witness was out of the state at the time of the trial, and an affidavit of such absent person is presented contradicting the testimony of the witness, and it appears that some of the material statements in such affidavit are in contradiction to his deposition taken in another cause concerning the same transaction, the motion will be denied.

2. BILL OF EXCEPTIONS—EXPIRATION OF TIME.
    The time to obtain a bill of exceptions will not be extended after the expiration of the term succeeding the trial term.

Harlan Cleveland, for plaintiff.
Tallman H. Armstrong, for defendant.

SAGE, District Judge. This case was tried at the June term, 1896. The jury returned a verdict for the plaintiff. The plaintiff moved for a judgment non obstante veredicto, and for a new trial. At the same term the time for preparing a bill of exceptions was extended until and through the month of December, 1896. On the

18th of December of that year the court ordered judgment for the plaintiff non obstante veredicto, and on the 22d of December judgment for the plaintiff was entered accordingly. On the 11th of March, 1897, the defendant moved the court to set aside the judgment and grant a new trial, on the ground of surprise; the defendant claiming to have been taken by surprise by the testimony of Albert W. Roome. Other grounds were newly-discovered evidence, that the judgment was not sustained by sufficient evidence, was contrary to law, error in the assessment of the amount of recovery, and other reasons. All the reasons, excepting surprise and the allowance of interest from April 1, 1891, were fully discussed upon the hearing of the motion for judgment, and will not now be reconsidered. The interest was rightly allowed from the date of demand upon the defendant for payment. At the trial of the case there was no claim of surprise at the testimony of Roome, and no continuance was asked. On the argument of the motion for judgment non obstante veredicto, defendant made no claim of surprise. That claim was not made until nearly three months after the judgment had been entered. In support of it the affidavit of the paying teller of the bank is filed, denying the testimony of Roome, which was that about the 23d or 24th of October, 1889, he showed to Randolph the forged draft, and notified him that the woman to whom the draft was payable, and whose indorsement was forged, had died in 1883; also, the affidavit of A. P. Tallman that at the time of the trial, and after Roome's testimony had been given, it was impossible to procure Randolph's evidence, as he was then living in the state of Illinois. But it appears from the evidence of Roome that, when he went to the bank for the express purpose of notifying the bank of the forgery, Caroline Hinkey, who had the draft cashed, and was presumably guilty of forgery of the indorsement, had been taken to West Virginia in order to evade the authorities. It appears from the transcript of the evidence in the case of U. S. v. American Exch. Nat. Bank, 70 Fed. 232, to recover the amount of this draft, that the deposition of H. E. Randolph, taken April 4, 1892, was read in evidence. In that deposition he testified that the first he knew of Caroline Hinkey's right to receive the money on the draft being questioned "was the time that Capt. Little took her over into West Virginia in order to evade the authorities. This was after she had drawn the balance on the certificate of deposit; it was quite a little while afterwards." This testimony agrees exactly with Roome's as to the time; that is to say, that it was while Caroline Hinkey was in West Virginia to evade the authorities. He further testified that he could not remember definitely, with reference to the time of the payment of the money, when it was that he heard that Caroline Hinkey had committed forgery in indorsing the draft. He said that "it might have been three months, and it might have been but one month." The check was cashed August 2, 1889, and Roome gave the notice to the bank in the latter part of October, 1889. It further appears, from the record of evidence given in New York, that at that time the officers of the Bellaire Bank did not pretend that

they did not have notice of the fact that the indorsement of the draft was forged. Roome was a witness in that case, and testified at the trial as to the notice given to the Bellaire Bank, just as he did at the trial of this case. If a new trial were granted now, and Randolph were to swear according to the statements of his affidavit, he would be contradicted by his own deposition, taken April 4, 1892. There is, therefore, no sufficient ground for the motion to set aside the judgment, which is overruled.

I am appealed to to make an order to enable the defendant to procure a bill of exceptions that will be recognized as valid by the court of appeals, and that, if necessary, I make an entry nunc pro tunc. There is nothing in this case which would authorize the court to make an entry nunc pro tunc, and I am unable to see that there is any other entry that can be made that will enable the defendant to take a bill of exceptions. The time for taking such a bill expired, by limitation of the express order made, on the last day of December, 1896. The order might then have been made extending the time through and until the end of that term, but I know of no practice allowing a bill of exceptions after the expiration of the term succeeding the trial term. I have, on one or two occasions, where there was special reason therefor, on the application of counsel, set aside the judgment,—not, however, in cases where there has been trial by a jury,—and re-entered it early in the following term, so as to enlarge the time for taking an appeal. But the time for taking a writ of error in this case has long since expired, and I know of no means whereby the defendant can now obtain a valid bill of exceptions.