MECHANICS AND METALS NATIONAL BANK OF THE CITY OF NEW YORK, Appellant, *v.* GUISEPPE TERMINI, Respondent.

(Supreme Court, Appellate Term, First Department, November Term — Filed December, 1921.)

Bills and notes — a bank receiving check for deposit is not merely the agent of the indorser but a trustee of an express trust and can bring action in its own name — Negotiable Instruments Law — Civil Practice Act, § 210.

A check indorsed and delivered by the payee was received by plaintiff, a bank, for deposit, the deposit slip containing a clause " checks credited subject to payment," and, on present-

ment of the check for collection, payment was refused. In an action on the check against the maker, *held,* that the mere crediting of the check by plaintiff to the depositor's account on its books did not constitute it a "holder in due course" as that term is defined in the Negotiable Instruments Law so as to render its title superior to defenses which the drawer might have against the payee, it appearing that the depositor's account continued to be sufficient to pay the check in the event of its dishonor.

The defendant made no attempt to prove any defenses, as he might have done, but the complaint was dismissed on the ground that plaintiff was merely the custodian of the check solely for the purposes of collection and was not entitled to bring the action in its own name. *Held,* that since the Negotiable Instruments Law expressly gives the holder of a negotiable instrument under an indorsement which constitutes him the agent of the indorser, the right to bring any action on the instrument that the indorser can bring, the plaintiff was not merely the agent of the indorser but was the trustee of an express trust under section 210 of the Civil Practice Act (Code Civ. Pro. § 449) and entitled to bring the action in its own name, and the judgment entered on the dismissal of the complaint will be reversed and a new trial ordered.

APPEAL by the plaintiff from a judgment entered in the City Court of the city of New York dismissing the complaint at the close of the plaintiff's case, and from an order denying a motion for a new trial.

Frank M. Patterson (Franklin H. Mills, of counsel), for appellant.

Philip J. Termini (O'Gorman, Battle & Vandiver, Isaac H. Levy, of counsel), for respondent.

LEHMAN, J. The plaintiff has brought an action upon a check made to the order of A. Bolognesi & Co. and indorsed and delivered by them to the plaintiff bank. It appeared at the trial that the check was received by the plaintiff from Bolognesi for deposit

and that the deposit slip contained a clause " Checks credited subject to payment." When the check was presented by plaintiff for collection, payment was refused. Under these circumstances it would appear that the mere crediting of the check by the plaintiff to the depositor's account on the books of the bank for the amount of the check in suit did not constitute the bank a holder of the check in due course within the law merchant as that term is now defined in the Negotiable Instruments Law so as to render its title superior to the defenses which the drawer of the check may have against the payee, for it appears that the depositor's account continued to be sufficient to pay the check in the event of its dishonor. *Citizens' State Bank* v. *Cowles,* 180 N. Y. 346. In the present case, however, the defendant did not attempt to prove any defenses which he may have but the complaint was dismissed on the defendant's motion on the ground that the bank " was merely the custodian of the check for the sole and only purpose to collect the same," and was not entitled to bring an action upon the check in its own name.

Although the plaintiff may not be a holder for value, it is the indorsee of the check in possession of it, and under section 2 of the Negotiable Instruments Law the word " holder " as used in the act, unless the context otherwise requires, means the " indorsee of a bill or note, who is in possession of it, * * *." Under section 90 of the same statute it is provided that " the holder of a negotiable instrument may sue thereon in his own name; and payment to him in due course discharges the instrument." It seems to me quite clear that under the express provisions of the statute the plaintiff, being the holder of the instrument, is entitled to sue thereon in its own name. If there were any doubt in regard to the intent of the statute it seems to me

that it would be completely removed by the fact that even if the indorsement itself had been restrictive in form and merely constituted the bank the agent of the indorser, the bank would still under section 67 of the Negotiable Instruments Law have had the right to bring any action thereon that the indorser can bring.

In spite of the language of the Negotiable Instruments Law, the defendant, however, contends that under section 449 of the Code of Civil Procedure (now section 210 of the Civil Practice Act) the plaintiff cannot sue in its own name for it is not the trustee of any express trust. I have carefully examined all the authorities cited in the careful opinion of the justice below and by the respondent upon this appeal. In no former case that I have been able to find have the courts of this state been called upon to decide directly the question now raised before us, but, though I believe the reasoning of most of the cases where analogous questions have been considered tends to support the view that the plaintiff has a right to bring this action in its own name, there are other cases which contain expressions which point rather to the view that the indorsee of a bill or note who holds it only for collection is not the trustee of an express trust, and, therefore, cannot maintain an action. In none of these cases, however, has the court considered the effect of the sections of the Negotiable Instruments Law quoted above. It would appear that since the Negotiable Instruments Law expressly gives the holder of a negotiable instrument under an indorsement which constitutes him the agent of the indorser the right to bring any action on the instrument that the indorser can bring, the holder by the express terms of the statute is not merely the agent of the indorser but is the trustee of an express trust. As Professor Ames has stated in 14 Harvard Law Review, page

241: " Since the so-called ' agent of the indorser ' has, under section 37 [section 67 in the New York statute] the right to sue in his own name on the instrument, but for the benefit of the indorser, he is in truth a trustee, and not a mere agent."

It follows that the judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

Whitaker and Delehanty, JJ., concur.

Judgment reversed.