THE MARINE TRUST COMPANY OF BUFFALO, Appellant, *v.* PETER A.
LAURIA, Defendant, Impleaded with GEORGE HENRY, JR., and
Another, Respondents.

Fourth Department, May 6, 1925.

Bills and notes — checks — action by bank to recover from maker face
of check indorsed to bank for collection — bank receiving check for
collection may, under Negotiable Instruments Law, § 67, maintain
action in its own name to recover face of check from maker — if transfer
was not for collection only, then bank may maintain action under
Negotiable Instruments Law, § 90.

A bank to which a check is transferred by indorsement for collection may maintain
an action in its own name under the authority of section 67 of the Negotiable
Instruments Law to recover from the maker the face of the check after the
bank on which it is drawn has refused payment.

If the transfer specified should be construed as not one for collection only, then
the bank may maintain an action in its own name against the maker under the
authority of section 90 of the Negotiable Instruments Law.

It makes no difference whether it appears from a restrictive indorsement that
the indorsee is a holder for collection or whether that fact appears *aliunde;* in
either case an action may be maintained in the name of the holder for collection.

APPEAL by the plaintiff, The Marine Trust Company of Buffalo,
from a judgment of the Supreme Court in favor of the defendants,
entered in the office of the clerk of the county of Erie on the 23d
day of April, 1924, upon the decision of the court rendered after
a trial before the court at the Erie Trial Term, a jury having been
waived.

The appeal is from that part of the judgment which dismisses
the complaint as against the defendant George Henry, Jr., and limits
the recovery against the defendant Bankers Trust Company to
$1,047.77 and interest.

*Kenefick, Cooke, Mitchell & Bass* [*Fritz Fernow* and *William C.
Warren, Jr.,* of counsel], for the appellant.

*McIntyre, Wilkie & Swartz* [*Bernard Swartz* and *LaFay C. Wilkie*
of counsel], for the respondent George Henry, Jr.

*White & Case* [*Philip A. Laing* and *Wilbur B. Grandison* of
counsel], for the respondent Bankers Trust Company.

HUBBS, P. J.:

The defendant Henry made and delivered to the defendant
Lauria his check for $1,675, drawn on the Buffalo Trust Company
of Buffalo, N. Y.; Lauria delivered the check to the defendant
Bankers Trust Company at New York, indorsed " For deposit."

The Bankers Trust Company mailed the check to the plaintiff indorsed " Pay Marine Trust Co., Buffalo, N. Y., or order." It is conceded that the plaintiff received the check for collection. When the plaintiff presented the check to the Buffalo Trust Company, upon which it was drawn, payment was refused.

The complaint was dismissed as against the defendant Henry on the ground that the plaintiff, having received the check for collection, could not maintain an action thereon against the maker.

Prior to the enactment of the Uniform Negotiable Instruments Act in our Negotiable Instruments Law there were many conflicting decisions in different jurisdictions upon the right of a holder of commercial paper for collection to sue the maker thereon in the name of the holder. (4 Am. & Eng. Ency. of Law [2d ed.], 275; *Stewart* v. *Price,* 64 Kan. 191; 64 L. R. A. 581, n.) There was also confusion in the decisions in this State.

Section 37 of the Uniform Negotiable Instruments Act reads, in part:

" Effect of Restricting Indorsement; Rights of Indorsee. A restrictive indorsement confers upon the indorsee the right:

" 1. To receive payment of the instrument;

" 2. To bring any action thereon that the indorser could bring."

Section 67 of the Negotiable Instruments Law of this State reads exactly the same. Under that section of the Uniform Negotiable Instruments Act it has been held in other jurisdictions that an indorsee for collection may sue upon the instrument in his own name. (8 C. J. 838; 5 Uniform Laws Anno. 187, 188, § 37, and note; Id. 200, 203, § 51, n.; *Antelope County Bank* v. *Wright,* 90 Neb. 621; 27 Am. & Eng. Anno. Cas. 476; *Utah Implement-Vehicle Co.* v. *Kenyon,* 30 Ida. 407; *Harrison* v. *Pearcy & Coleman,* 174 Ky. 485; *Smith* v. *Bayer,* 46 Ore. 143.) The only decisions under section 67 in this State are: *Famous Clothing Co., Inc.,* v. *Wodinsky* (198 N. Y. Supp. 524); *Mechanics & Metals National Bank* v. *Termini* (117 Misc. 309).

We are in accord with the views expressed in those cases which decided that since the enactment of the Negotiable Instruments Law an indorsee for collection may maintain an action in his own name against the maker of a negotiable instrument.

If it be urged that it does not appear from the indorsement to plaintiff that the transfer of the check was for collection only, and that, therefore, section 67 does not apply, still we think the reasoning of the authorities is applicable and that section 90 of the Negotiable Instruments Law gave the plaintiff authority to sue in its own name. That section reads: " Right of holder to sue; payment. The

holder of a negotiable instrument may sue thereon in his own name; and payment to him in due course discharges the instrument." This provision is the same as section 51 of the Uniform Negotiable Instruments Act.

The question here for decision is not whether the plaintiff was a holder for value in due course. The motion to dismiss the complaint against the maker of the check was made upon the ground that the plaintiff held the check for collection. No evidence was offered by the maker, Henry, to establish any defense.

It makes no difference whether it appears from a restrictive indorsement that the indorsee is a holder for collection, or whether that fact appears *aliunde*. In either case an action may be maintained in the name of the holder for collection.

The judgment in favor of the maker of the check, George Henry, Jr., should be reversed, and a new trial granted as to the defendant Henry, with costs against said defendant to abide the event. The judgment in so far as it affects the defendant Bankers Trust Company should be affirmed.

CLARK, DAVIS, SEARS and TAYLOR, JJ., concur.

Judgment in favor of defendant George Henry, Jr., reversed on the law and a new trial granted as to said defendant, with costs against him to abide the event. In so far as the judgment affects the defendant Bankers Trust Company, it is affirmed, without costs.