## BLACKINTON v. UNITED STATES.

### In re SECURITY MFG. CO.

(Circuit Court of Appeals, Eighth Circuit.
May 12, 1925. Rehearing Denied
July 1, 1925.)

#### No. 264.

1. Bankruptcy ⬥⟿446—Under petition to revise, no examination of evidence to test referee's findings.

Under petition to revise decree sustaining report of referee in bankruptcy allowing claim, evidence cannot be examined to test accuracy of referee's findings of fact.

2. Corporations ⬥⟿590(3)—Purchaser of all of stock, taking over all assets, liable for corporation's debts, within limits of assets.

Purchaser of all of stock of corporation, taking over all its assets, leaving nothing in their place, is liable for its debts, within the limits of such assets.

Petition to Revise Order of the District Court of the United States for the Eastern District of Missouri.

In the matter of the Security Manufacturing Company, bankrupt. Petition of Oliver Blackinton, trustee of bankrupt, to revise decree sustaining report of referee allowing claim of the United States. Decree affirmed, and petition dismissed.

H. A. Loevy, of St. Louis, Mo., for petitioner.

Allen Curry, U. S. Atty., and Claude M. Crooks, Asst. U. S. Atty., both of St. Louis, Mo.

Before STONE and KENYON, Circuit Judges, and SCOTT, District Judge.

STONE, Circuit Judge. This is a petition to revise a decree sustaining the report of a referee in bankruptcy allowing a claim of the United States for income taxes.

The Interstate Tailoring Company was a Missouri corporation, with a capital stock of $2,000.00, engaged in the business of selling tailored clothes on installment payments. The bankrupt, Security Manufacturing Company, was a Missouri corporation engaged in selling jewelry on the installment plan. About February 21, 1921, the bankrupt bought all of the shares of stock of the Interstate Tailoring Company. This contract of purchase contained a statement of the price and method of payment and the provision following:

"Said party of the first part hereby agrees to assume and liquidate all liabilities of said corporation included in said liabilities or bills payable as per list attached.

"Parties of the second part agree to pay all accrued taxes up to January 1, 1921."

At that time, the assets of the Interstate consisted of woolen goods, trimmings, fixtures and contracts for suits which had been sold. The value of the woolens alone was between $12,000 and $14,000. Soon after the sale, all of the property of the Interstate was taken over by the bankrupt which utilized it and made collections upon the above sales contracts. It also abandoned the old place of business of the Interstate, took over much of its labor organization and seems to have entirely absorbed this business. So entirely was this done that the charter of the Interstate Company was forfeited on January 1, 1922.

[1, 2] The items allowed, to which objection is made, are reassessment for income taxes, 1917 and 1918; that for 1917, amounting to $1,483.77, which had been reassessed at the time the above contract of sale was made, and that for 1918, amounting to $227.35, which was not reassessed until after the contract was made. These assessments were against the Interstate Company. The theory of the government as to the liability of the bankrupt for these taxes of the Interstate was that the bankrupt had taken over all of the assets of the Interstate with-

out paying any consideration therefor and was, therefore, liable for all of the debts of the Interstate. We think this position is essentially sound. The trustee contends that there ·was a separate consideration of $2,000 paid to the Interstate for. its assets, but no such fact was found by the referee and we cannot, under a petition to revise, examine the evidence to test the accuracy of the findings of fact by the referee. So that the matter stands as being a purchase by one corporation of the capital stock of another and the complete absorption by the purchaser of the entire assets and business of the latter company.

The trustee contends that this is an instance of the purchase in good faith, for a valuable consideration, by one corporation of the assets of another. Obviously, it is nothing of the sort. It is the taking over of all assets and leaving nothing in their place. Clearly, this cannot be done in any way that will leave the creditors of that company without remedy. Such an absorption of assets carries with it necessarily a liability for the debts which those assets might have paid. There is no question that the assets taken over were ample to pay these claims nor is it challenged that if these claims are valid at all, that they are of a class requiring preference over other claims against the Interstate.

The decree allowing these claims and declaring them as so preferred should be and is affirmed and the petition to revise dismissed.