### MARYLAND CASUALTY CO. v. UNITED STATES.

Circuit Court of Appeals, Fourth Circuit. January 14, 1930.

No. 2888.

Walter L. Clark, of Baltimore, Md. (Roszel C. Thomsen and Clater W. Smith,

both of Baltimore, Md., on the brief), for appellant.

A. W. W. Woodcock, U. S. Atty., of Baltimore, Md.

Before WADDILL, PARKER, and NORTHCOTT, Circuit Judges.

NORTHCOTT, Circuit Judge. One Burton A. Martindale was special disbursing agent in the Indian Irrigation Service, stationed at Sacraton, Ariz., where he acted as disbursing officer for the Sacraton and Florence, Ariz., districts of the Indian Irrigation Service. On the 26th day of December, 1924, the appellant company, the defendant below, executed its bond as surety for Martindale, which bond was conditioned as follows:

"If the said principal shall at all times and henceforth and during his holding and remaining in said office faithfully fulfill and discharge all the duties of his said office, and shall safely keep and care for and faithfully disburse all public moneys, including funds designated in the regulations of the Indian Bureau as miscellaneous receipts, and moneys belonging to the Indians under his charge, and honestly account, without fraud or delay, for the same, and for all other funds which may come into his hands by virtue of his said office, and for all public property placed in his charge, or coming into his possession or control by virtue of his said office; and at the expiration of his term of office or earlier termination of service, faithfully account for and turn over to the proper official or authority thereto entitled, the moneys, securities, or other property for which he may be accountable; and if the said principal shall not knowingly present, or cause to be presented, any voucher, account, or claim of the character mentioned in section eight of the act of Congress of July 4, 1884 (U. S. Stat., Vol. 23, p. 97), or in any manner become liable thereunder, then the above obligation shall be void and of no effect; otherwise to remain in full force and virtue."

There were a number of employees at both Sacraton and Florence; Florence being 25 miles from Sacraton. The pay roll for the employees of Florence was made up by one of the timekeepers and delivered to Martindale at Sacraton for payment. The names of a number of employees were wrongfully put on the pay roll for Florence, and the amounts stated as due these fictitious employees, which were paid by Martindale, were used, it is claimed, for making purchases for government supplies, at Florence, in a manner contrary to law and the regulations of the Department, and without consulting the disbursing officer. The total of these amounts, together with interest, was $6,976.08.

Upon ascertaining the above facts, the government brought suit on the bond in the District Court of the United States for the District of Maryland, at Baltimore. By written agreement, a jury was waived, and, after hearing, the judge below found in favor of the government for the said sum of $6,976.08, and entered judgment for that amount, from which action of the court this appeal was taken.

It is contended on behalf of appellant that Martindale, the disbursing officer, had no knowledge of the falsity or irregularity of the pay roll, and his action in paying same is not covered by the conditions of the bond, that he should "safely keep and care for and faithfully disburse all public monies." The Act of Congress referred to in the bond (title 25, section 88, USCA) is as follows:

"*False Vouchers, Accounts, or Claims.* Any disbursing or other officer of the United States, or other person, who shall knowingly present, or cause to be presented, any voucher, account, or claim to any officer of the United States, for approval or payment, or for the purpose of securing a credit in any account with the United States, relating to any matter pertaining to the Indian Service, which shall contain any material misrepresentation of fact in regard to the amount due or paid, the name or character of the article furnished or received; or of the service rendered, or to the date of purchase, delivery, or performance of service, or in any other particular, shall not be entitled to payment or credit for any part of said voucher, account, or claim; and if any such credit shall be given or received, or payment made, the United States may recharge the same to the officer or person receiving the credit or payment, and recover the amount from either or from both, in the same manner as other debts due the United States are collected: Provided, That where an account contains more than one voucher the foregoing shall apply only to such vouchers as contain the misrepresentation: And provided further, That the officers and persons by and between whom the business is transacted shall, in all civil actions in settlement of accounts, be presumed to know the facts in relation to the matter set forth in the voucher, account, or claim: And provided further, That the foregoing shall be in addition to the penalties prescribed by law, and in no way affect proceedings un-

der existing law for like offenses. Where practicable this section shall be printed on the blank forms of vouchers provided for general use. (July 4, 1884, c. 180, § 8, 23 Stat. 97.)"

From the reading of this statute, it will be seen that the disbursing officer is presumed to know the facts in relation to the payments in question, and the presumption is that the bonding company executed the bond in question with full knowledge of the statute. Knowledge of the fact as to the irregularity in the pay roll is, under the act, chargeable to the disbursing officer.

It is further contended on behalf of the appellant that this imputed knowledge may be rebutted by evidence as to the fact. In view of our conclusion hereinafter stated, as to carelessness on part of disbursing officer, it is not necessary to decide this point here, but the question at once arises as to whether the government can protect itself by bonding its disbursing officers, if the obligation of the bond is to be defeated by the claim or defense that employees of the disbursing officer and not the officer himself were at fault.

Here the disbursing officer intrusted with public funds paid them out supposedly to alleged employees, when there were no such employees. He did not take the trouble to ascertain whether the names and amounts submitted by his employees and placed on the pay roll were correct or not. He was under no necessity of making payment until he had verified the corrections of the pay roll. He certified as true what the least inquiry upon his part would have shown to be untrue. The disbursing officer did not exercise the care and diligence of an intelligent and faithful man, in the conduct of his business, and did not exercise that degree of care required of him by the duties of his office.

Title 28, § 253, USCA, and notes thereunder.

Certainly, under the circumstances under which these disbursements were made, the disbursing agent paid out the money at his own risk, and the money cannot be said to have been faithfully disbursed within the terms of the condition of the bond. United States v. Keehler et al., 9 Wall. (76 U. S.) 83, 19 L. Ed. 574.

It is contended on behalf of appellant that because this money, fraudulently procured in the guise of sums due employees, may have been spent for the purchase of supplies for the government, there was no liability under the bond. We do not think so. As was well said by the learned judge below:

"I think the Surety cannot escape liability for the irregular payments by showing that the proceeds of those payments were at least to some extent spent for the Government service in another irregular way. The Government was entitled to have its officers spend their money in the way in which it directed, and it was no excuse for the improper diversion of the funds here that the Government may have gotten the benefit of some part of it."

It is argued in appellant's brief that certain sums should be credited the disbursing officer, but it was conceded on the argument before us that this point was not raised in the assignments of error, and this claim was not pressed.

There was no error in the trial below, and the judgment of the court is accordingly affirmed.