## FARMERS' STATE BANK IN MERKEL v. UNITED STATES.

### No. 6585.

Circuit Court of Appeals, Fifth Circuit.

Dec. 12, 1932.

J. M. Wagstaff, of Abilene, Tex., for appellant.

Arnold Davis, Asst. U. S. Atty., of Fort Worth, Tex.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

The judgment appealed from was for the recovery by the appellee, the United States, against the appellant, Farmers' State Bank in Merkel, a corporation, of the aggregate amount, with interest thereon, of several checks issued by a duly appointed, qualified, and acting Property and Disbursing Officer of the United States on the Treasurer of the United States and made payable to the order of Walter Frazier. Appellee's petition contained allegations to the following effect: Each of those checks, having thereon the forged indorsement of the payee, came into the possession of the Farmers' State Bank of Merkel, which thereupon placed its indorse-

ment upon said checks, and through its agents, that is, its correspondent banks, said checks were presented to the Treasurer of the United States, who paid the amount thereof, which was received by said Farmers' State Bank of Merkel. After that occurred, the appellant was organized, and, with knowledge of what had occurred, took over all the assets of said Farmers' State Bank of Merkel. The petition also alleged that each of the checks, which showed that the amount of it was for caretaker pay for a named month, was issued in accordance with a false and fraudulent pay roll submitted to said Property and Disbursing Officer by Robert I. Grimes, as Commanding Officer of a numbered Field Artillery Combat Train, which was a part of the National Guard organized and operating under the Secretary of War by virtue of the laws of the United States. By stipulation of the parties a jury was waived. Upon the conclusion of the evidence, which supported the above-recited allegations, the defendant, the appellant here, moved the court to render judgment in its favor.

■■ Based on testimony to the effect that the amount obtained by the bank on the checks was used by officers of the above-mentioned National Guard unit in paying for the care and upkeep of material and animals used by that unit and in buying horses for it, which were turned over to, and used by, that unit, the contention was made that by reason of such use of the money so obtained judgment should have been in favor of the defendant, the appellant. The evidence did not show that the deposed to use of the proceeds of the checks was lawfully authorized or approved. See 32 USCA § 40. The money, having been paid on the faith of the bank's warranties, by its indorsements, of the genuineness of the forged indorsements of the name of the payee, was received by the bank for the use of the appellee. The appellee's right to recover the money was not impaired by the use of it in a way not consented to or approved by it. Maryland Casualty Co. v. United States (C. C. A.) 37 F.(2d) 318.

■ The propriety of the judgment against the appellant was challenged also on the ground that the money called for by the checks would have been wrongfully obtained if the indorsements of the payee's name thereon had been genuine, as the pay rolls in accordance with which the checks were issued were fraudulent, and the payee named in the checks was not entitled to the amounts thereof; he not having been connected with the National Guard unit during the times covered by those pay rolls. A cause of action against the bank in favor of the appellee accrued as a result of the bank breaching its implied warranty of the genuineness of the indorsements of the name of the payee by bringing about the presentation of the checks and collecting the amounts thereof. The right to enforce that cause of action was not destroyed by the circumstance that another cause of action for the recovery of the amounts paid on the checks would have accrued in favor of the appellee against another or others than the bank if when the checks were paid they had been indorsed by the payee. United States v. National Exchange Bank, 214 U. S. 302, 29 S. Ct. 665, 53 L. Ed. 1006, 16 Ann. Cas. 1184; Onondaga County Savings Bank v. United States (C. C. A.) 64 F. 703.

■ Another contention was that the liability proved was that of the Farmers' State Bank of Merkel, not that of appellee, another corporation. The pleadings and the evidence showed that the appellant "took over" all of the assets of the Farmers' State Bank of Merkel, with knowledge of the facts which made the last-named corporation liable to the appellee. Neither pleading nor proof indicated that appellant paid a valuable consideration for the assets so acquired by it, nor was it shown that those assets were insufficient to pay the debts of the old corporation. So far as appears, there was no change of the organization of the bank except that in the name of the new corporation the word "in" was substituted for the word "of" in the name of the old corporation. The evidence was consistent with the conclusion that the new corporation was a mere continuation of the old one. Such an absorption of assets as the evidence indicated made the appellant liable for the debts which those assets might have paid. Blackinton v. United States (C. C. A.) 6 F. (2d) 147; Modoc County Bank v. Ringling (C. C. A.) 7 F.(2d) 535; In re W. J. Marshall Co. (D. C.) 3 F.(2d) 192; Hibernia Ins. Co. v. St. Louis & New Orleans Transp. Co. (C. C.) 13 F. 516; Skirvin Operating Co. v. Southwestern Electric Co., 71 Okl. 25, 174 P. 1069, 15 A. L. R. 1104, 1117 note; 8 Thompson on Corporations (3d Ed.) 122.

It does not appear from the record that the judgment under review was erroneous.

That judgment is affirmed.