## UNITED STATES v. KINGS COUNTY TRUST CO.
### No. 5679.

District Court, E. D. New York.
May 10, 1934.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Emanuel Bublick, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Wrenn & Schmid, of Brooklyn, N. Y. (Allen S. Wrenn, of Brooklyn, N. Y., of counsel), for defendant.

MOSCOWITZ, District Judge.

The facts in this case are as follows: Sixty-four pension checks dated respectively between the 4th day of November, 1924, and the 4th day of July, 1931, and aggregating $2,250 in all, were issued by the plaintiff and were made payable to Ann Virginia Vaughan, Brooklyn, N. Y. Ann Virginia Vaughan, the payee, had died previous to the issuance of the first check, but these checks came into the possession of her daughter, Blanche Fuller. She forged the indorsement of her mother and negotiated the checks to one Nativi, who presumably paid the said Blanche Fuller the amount of each check. Thereafter the checks were indorsed and deposited by Nativi with the Kings County Trust Company. The Kings County Trust Company deposited these checks with the First National Bank of New York. These checks cleared through the New York Clearing House and were paid by the Federal Reserve Bank in New York City, the fiscal agent of the plaintiff.

On the 5th day of February, 1932, Blanche Fuller pleaded guilty to the forgery of these checks, and was sentenced on February 10, 1932.

On March 24, 1932, the Treasury Department wrote the Federal Reserve Bank on this subject, and on March 26, 1932, the Federal Reserve Bank wrote to the First National Bank, and on March 30, 1932, the First National Bank wrote to the Kings County Trust Company.

The indorsement by the defendant was made in New York state. The rights of the parties are to be determined by the laws of that state.

The complaint in this case follows United States v. National Exchange Bank, 214 U. S. 302, 29 S. Ct. 665, 53 L. Ed. 1006, 16 Ann. Cas. 1184. In the U. S. v. National Exchange Bank, supra, the facts were as follows: "The checks with the forged indorsements thereon of the payees were cashed by the Exchange Bank, and immediately indorsed to a national bank in Boston for collection. The checks were presented by the collecting bank at the subtreasury of the United States in Boston. The collecting bank received payment of the same, and accounted for such payment to the Exchange Bank." The court in that case based its opinion largely on the case of White v. Continental National Bank, 64 N. Y. 316, 21 Am. Rep. 612. The United States v. National Exchange Bank, supra, was applied to a similar state

of facts in Farmers' State Bank in Merkel v. United States (C. C. A.) 62 F.(2d) 178.

It is beyond dispute that, if the doctrine of the United States v. National Exchange Bank, supra, applies to this state of facts, then the plaintiff must prevail. The defendant tries to distinguish the instant case from the National Exchange Bank Case by saying that, in the latter, the deposit was made "for collection," and that therefore title to the note did not pass, and that the collecting bank merely acted as agent for depositor, and that payment in such case to the collecting bank is payment of the principal; i. e., depositor. The defendant concedes that, when the relation of principal and agent exists, the principal can be sued. Defendant, however, is in error, for title to the note did pass. If in such cases title did not pass, the indorsee could not sue on the instrument in his own name, whereas in Marine Trust Company of Buffalo v. Lauria, 213 App. Div. 64, 209 N. Y. S. 504, affirmed at 244 N. Y. 577, 155 N. E. 903, the Court of Appeals of the state of New York held that the indorsee in such a case could sue in his own name. Nor would the indorsee of a note for collection be able to indorse the instrument to another to collect. Yet such indorsee may negotiate the instrument further by indorsing it to another to collect. Section 67 of the Negotiable Instruments Law (Consol. Laws, c. 38).

In the recent case of United States of America v. Guaranty Trust Company of New York, 69 F.(2d) 799, 801, decided March 12, 1934, in the United States Circuit Court of Appeals, Second Circuit, the facts are similar except that the forged indorsement was made in Jugo-Slavia, and the court held that, under a question of conflict of laws, the legality of the forged indorsement must be determined by the laws of Jugo-Slavia. But in the course of opinion the court stated: "It is conceded that, if the forged indorsement had been in this country, subsequent holders of the check would have acquired no title and that the plaintiff could have recovered upon the theory that the defendant had no right to receive payment under the law of the District of Columbia where this check was payable and so had been unjustly enriched." And the court further stated: "The action of the defendant in stamping the statement 'Previous indorsements guaranteed' on the check before presenting it for payment is urged as a basis of recovery. Ordinarily such a warranty means that the indorser warrants that previous indorsements are genuine and payment made in reliance upon the warranty

may be recovered upon proof that such an indorsement is not. Onondaga County Savings Bank v. United States (C. C. A. 2) 64 F. 703; United States v. National Exchange Bank, 214 U. S. 302, 29 S. Ct. 665, 53 L. Ed. 1006, 16 Ann. Cas. 1184; Farmers' State Bank v. United States (C. C. A.) 62 F.(2d) 178."

Judgment for the plaintiff.

Settle findings and decree on notice.