## UNITED STATES v. CANAL BANK & TRUST CO. et al.
### No. 962.

District Court, E. D. Louisiana.
Oct. 9, 1939.

Rene A. Viosca, U. S. Atty., and Robert Weinstein, Asst. U. S. Atty., both of New Orleans, La.

Rene J. Waguespack and Fred A. Kullman, both of New Orleans, La., for defendants.

BORAH, District Judge.

This case was tried by the Court without the intervention of a jury upon an agreed statement, and the material facts are as follows:

The plaintiff at all times mentioned herein was and now is a corporation sovereign and body politic.

The defendant, Canal Bank and Trust Company in Liquidation, prior to May 20, 1933, was a banking corporation organized under the laws of the State of Louisiana, and domiciled in the City of New Orleans; that on May 20, 1933, J. S. Brock, State Bank Commissioner for the State of Louisiana, closed the said bank and took possession of its affairs for liquidation; that the board of directors of said bank thereafter appointed, with the approval of the said bank commissioner, John F. Finke to be liquidator, to assist him in the liquidation or distribution, and that the bank commissioner appointed Harry G. Thompson

as his special agent; that certificates of such appointments have been filed in the office of the Clerk of Court for the Parish of Orleans, and that they have given bond, all as prescribed by Act No. 300 of the Legislature of the State of Louisiana of 1910; that the said parties are duly acting in their respective capacities as aforesaid and that the said Canal Bank and Trust Company in liquidation, the said J. S. Brock, the special agent for the liquidator, and the liquidator are all domiciled within the jurisdiction of this Court.

Jules J. Paglin is of full age and majority and a resident of and domiciled in the City of New Orleans, Parish of Orleans, State of Louisiana, and in the New Orleans Division of the Eastern Judicial District of Louisiana, and within the jurisdiction of this Court.

A certain check drawn on the Treasurer of the United States by T. H. Daley, Special Disbursing Agent, Veterans' Administration, bearing number 96426, symbol 99—137, dated New Orleans, Louisiana, August 11, 1931, payable to the order of John Davis, in the amount of seven hundred eighty-eight dollars and fifty cents ($788.50), was issued by the said T. H. Daley in the routine of his duties as special disbursing agent for the Treasurer of the United States.

That sometime during October of the year 1925 an application was made by one John Davis, a United States World War veteran then residing at Ponchatoula, Louisiana, for the adjusted service certificate issuable to him in accordance with the Acts of Congress made and provided therefor. This application bore number 2,643,-837.

That pursuant to such application adjusted service certificate bearing the number 2,844,020 was mailed to the said John Davis at Ponchatoula, Louisiana; that at the time said adjusted service certificate was received in Ponchatoula, Louisiana, the said John Davis was no longer residing there and said adjusted service certificate was delivered to an unknown party representing himself to be John Davis, but who, in fact, was not the applicant for said certificate and not the one entitled to receive the said certificate.

That on the 10th day of August, 1931, the holder of the above mentioned adjusted service certificate made application for a loan thereon under and pursuant to the Acts of Congress and the party making said application was identified therein by a notary public as John Davis, the veteran named in the adjusted service certificate. But in truth said applicant was not the proper John Davis entitled to make a loan.

That the party making application for said loan was at that time living at 3417 Eagle Street, in the City of New Orleans, State of Louisiana, and gave such address at the time of making his application for said loan.

That pursuant to said application check bearing number 96,426 dated August 11, 1931, in the amount of $788.50, drawn on the Treasurer of the United States by T. H. Daley, Special Disbursing Agent, Veterans' Administration, symbol 99—137, payable to the order of John Davis, was mailed to the applicant for said loan at the address given by him, i. e., 3417 Eagle Street, New Orleans, Louisiana; that the party to whom said check was delivered cashed said check at the Sam Bonart Clothing Company, in the City of New Orleans, State of Louisiana, said check being endorsed "John X Davis", and also endorsed by Jules J. Paglin, and deposited in the Canal Bank and Trust Company, Poydras Market Branch, the said Jules J. Paglin acting in good faith at that time, believing that the party presenting the check for payment was the proper payee. The Canal Bank and Trust Company received the check.

That the said Canal Bank and Trust Company, after endorsing the said check "Endorsements Guaranteed", presented the said check for payment to the Federal Reserve Bank at New Orleans, Louisiana, and in due course, to-wit, August 13, 1931, the said check was paid by the Treasurer of the United States.

That subsequent to the issuance of the original adjusted service certificate number 2,844,020 an application was made on or about June 9, 1930, by John Davis, the veteran entitled to said certificate, for a duplicate thereof in view of his failure to receive the original of said certificate as hereinabove set forth.

That pursuant to such application bearing the number 4,377,838, a duplicate adjusted service certificate bearing the number 3,789,442 was issued to the said John Davis.

That during the latter part of the year 1931, a check was issued to John Davis covering the loan value of the duplicate certificate number 3,789,442 pursuant to an

application made by him, the said check being dated December 2, 1931, and bearing the number 87,961, symbol 99—137, in the amount of $788.50. This check, however, was voided by the Veterans' Administration prior to delivery to the payee.

That in the early part of the year 1932 an investigation was undertaken by the Secret Service Department of the Government relative to the issuance and cashing of the first above mentioned check, but that no demand was made upon the endorsers of the first mentioned check for reimbursement of the amount thereof until October 5, 1934. Notice of purported forgery was given to the Canal Bank and Trust Company on September 8, 1934.

That at various intervals during the period from March 1932, through August 5, 1934, various efforts were being made by the Secret Service Department to locate the indorser of check number 96,426, symbol 99—137, dated New Orleans, Louisiana, August 11, 1931, payable to the order of John Davis, but without success. The endorser of said check has never been apprehended.

That in the early part of 1932 during the investigation of this matter Mr. Jules J. Paglin was interviewed with regard to the transaction; also Mr. Sam Reeks.

No intervention was filed by the Government in the judicial liquidation proceedings.

Attached to the stipulation and made a part thereof is the statement of John Davis, the proper payee, which in substance is as follows: That he enlisted in the army at Neson, Louisiana, on October 29, 1917, served as a private in Co. A., 512th Engineers, and was discharged June 27, 1919. That on leaving the army he went to Natalbany, Louisiana, where he lived for two years before changing his abode to Ponchatoula, Louisiana; that in the latter part of 1929 he moved to Picayune, Mississippi, and in 1930 he returned to Natalbany and has been living there ever since. That while living in Ponchatoula, Louisiana, in 1925 he filled out an application for adjusted compensation and signed this application by mark; that he never received the adjusted compensation certificate and does not know what became of it and he made no inquiry nor did he do anything about it until 1931 when he applied for a loan and at which time he was told that his application could not be considered unless he had the certificate or furnished

proof of its loss or destruction. On May 26, 1931, he executed an affidavit to the effect that he had never received this certificate and on November 30, 1931, he executed a veterans note for the amount of the 50% loan, namely $788.50, and he later in·the year 1934 received a check for this amount and cashed same in the bank in Hammond, Louisiana. The statement further recites that he does not know who received U. S. Treasury check No. 96,426 dated New Orleans, Louisiana, August 11, 1931, payable to the order of John Davis, 3417 Eagle Street, New Orleans, Louisiana, in the amount of $788.50 drawn by T. H. Daley over symbol 99—137.

Pending said investigation proceedings no demand was made upon the endorsers. No suit for reclamation was filed prior to the present action.

On April 27, 1937, the United States of America filed this suit against Canal Bank & Trust Company in liquidation and Jules J. Paglin seeking to hold them liable jointly, severally and in solido as endorsers of the check in question. Canal Bank & Trust Company in liquidation filed an answer asking for dismissal of plaintiff's suit and in the alternative for judgment over against Jules J. Paglin upon his warranty of endorsement. Jules J. Paglin filed an answer asking for dismissal of plaintiff's suit but praying that Sam Bonart, Inc., be called in warranty as receiver of the proceeds of the check in question and the party in whose behalf defendant Paglin endorsed. Sam Bonart, Inc., answered the call in warranty admitting the facts therein alleged and praying for dismissal of plaintiff's suit.

Since the check in question was made payable to John Davis, the veteran, and since the payee's endorsement thereon was forged, the plaintiff, having paid out the amount thereof on the endorsements of defendants, is entitled to recover from them such amount.

There was no negligence on the part of the United States in issuing the check upon application accompanied by the adjusted service certificate where there was certification by a notary public that applicant was known to the notary to be the veteran named in the adjusted service certificate, nor is the United States estopped to set up the forgery. The evidence fails to show whether the schemer applied for the loan in person, but the direction to pay was to the order of John Davis and the

608

check was intended for him as a veteran entitled thereto. Questions of negligence and estoppel are to be decided upon the particular facts in each case. The Court is of the opinion that this case is governed by the following authorities: United States v. National Exchange Bank, 214 U.S. 302, 29 S.Ct. 665, 53 L.Ed. 1006, 16 Ann.Cas. 1184; Onondaga County Savings Bank v. United States, 2 Cir., 64 F. 703; Farmers' State Bank in Merkel v. United States, 5 Cir., 62 F.2d 178.

The United States of America is entitled to judgment in its favor and against Canal Bank & Trust Company, in liquidation, and Jules J. Paglin, jointly, severally and in solido in the full sum of $788.50 with interest at 5% from August 13, 1931, until paid, together with costs.

Canal Bank & Trust Company, in liquidation, is entitled to a like judgment over against Jules J. Paglin upon his warranty of endorsement and Jules J. Paglin is entitled to a like judgment over against Sam Bonart, Inc., on his call in warranty. The Clerk is directed to enter judgment accordingly.